**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MELVIN WAGNER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-845** |
| | § | |
| **HOME DEPOT U.S.A., INC., D/B/A** | § | |
| **THE HOME DEPOT #6804 AND** | § | |
| **ESTEVAN HAMILTON,** | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANT HOME DEPOT U.S.A., INC.'S**
**NOTICE OF REMOVAL AND BRIEF IN SUPPORT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant **HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #6804** ("The Home Depot"), and files this Notice of Removal under 28 U.S.C. §§ 1332 and Brief in Support:

**I.**
**STATEMENT OF GROUNDS FOR REMOVAL**

1.      On March 2, 2021 Plaintiff Melvin Wagner ("Plaintiff") filed this lawsuit in the County Court at Law No. 5, Dallas County, Texas, as Cause No. CC-21-00785-E styled "*Melvin Wagner v. Home Depot USA, Inc. d/b/a The Home Depot #6804 and Estevan Hamilton.*"  A true and correct copy of the Original Petition is attached as Exhibit "A-2."

2.      Plaintiff sued THD alleging negligence arising out of a workplace injury suffered by Plaintiff during the course and scope of his employment.

---

3.      Plaintiff fraudulently joined Estevan Hamilton ("Hamilton"), the manager on duty at the time of Plaintiff's alleged injury, in the suit alleging the same acts of negligence as alleged against The Home Depot in connection with the subject injury.

4.      The Home Depot was served with Plaintiff's Original Petition on March 15, 2021, and Hamilton was also served with Plaintiff's Original Petition on March 15, 2021.

5.      The Home Depot files this removal within 30 days after the receipt of Plaintiff's Original Petition, as required by 28 U.S.C. § 1446(b)(1).

6.      Prior to removal, The Home Depot and Hamilton filed their Original Answer on March 31, 2021, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-7."

7.      The state court action is one over which this Court has original jurisdiction under the theory of fraudulent joinder and the provisions of 28 USC § 1332. As such, this matter may be removed to this Court pursuant 28 USC § 1332 because there is complete diversity between the parties when Hamilton is properly disregarded as a fraudulently joined Defendant to this suit. 28 USC § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

8.      The Home Depot and Hamilton deny Plaintiff's claims.

9.      As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| **Exhibit:** | **Description of Exhibit:** |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |

| Exhibit "A-2" | **Plaintiff's Original Petition;** |
|---|---|
| Exhibit "A-3" | **Citation and Return of Service for The Home Depot;** |
| Exhibit "A-4" | **Citation and Return of Service for Estevan Hamilton;** |
| Exhibit "A-5" | **Defendants' Original Answer;** |
| Exhbit "A-6" | **Dismissal Hearing Notice;** |
| Exhibit "A-7" | **Notice of Filing of Notice of Removal**<br>**(to be filed after this Notice of Removal is filed).** |
| Exhibit "B" | **Notice of Related Case** |

## II.
### FRAUDULENT JOINDER OF ESTEVAN HAMILTON

10.     The Home Depot would show that the Court has jurisdiction over this matter as Plaintiff has fraudulently and/or improperly joined Defendant Hamilton as a defendant in this suit. Plaintiff joined Hamilton solely to defeat diversity jurisdiction as Plaintiff is a citizen of Texas and The Home Depot is a citizen of Georgia, where it has its principal place of business, and Delaware, where it is incorporated.

11.     Joinder of Hamilton is improper and should be disregarded because there is no reasonable basis for believing that Plaintiff could recover from Hamilton in state court on his claims in connection with his work injury. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) ("[W]e have recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.").

12.     In determining whether a plaintiff can establish a cause of action for purposes of analyzing improper joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant" or in some cases where the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.

13.     To maintain a cause of action against Defendant Hamilton, Plaintiff would have to show that Hamilton owed him some independent duty, which Plaintiff cannot do.  Texas law is clear that "[t]he duty to provide a safe workplace [is] a non-delegable duty imposed on, and *belonging solely to*" the employer. *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996)(emphasis added).  "Corporations can, of course, only act through individuals . . . [but] 'individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'" *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex.2005) (quoting *Leitch*, 935 S.W.2d at 117); *see also Allen v. Walmart Stores, LLC*, 907 F.3d 170, 182 (5th Cir. 2018)("For the Wal-Mart employees to be individually liable they must have owed [the plaintiff] an independent duty apart from any duty that Wal-Mart owed [her].").

14.     The Texas Supreme Court gives the example of an employee who injures someone in an automobile collision, noting that "the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach." *Leitch*, 935 S.W.2d at 117.  Nothing in Plaintiff's Original Petition suggests Hamilton owed Plaintiff any such independent duty outside of that owed as a result of his employment for The Home Depot.

15.     Plaintiff repeatedly acknowledges that at the time of his injuries Defendant Hamilton was "engaged in the furtherance of Home Depot's business" and was "engaged in accomplishing tasks for which [he was] employed by Home Depot." Ex. "A-2" ¶ 5.02 – 5.04. "Defendant Hamilton was acting in the course and scope of [his] employment." *Id*. at ¶ 6.04.

16.     Plaintiff attempts to improperly join Defendant Hamilton with general and vague allegations that he, "as the Plaintiff's [manager on duty], had a separate and independent duty of reasonable care for assuring Plaintiff's safety and welfare." Ex. "A-2" ¶ 6.06.  However, it is clear from the pleading that Plaintiff is simply reasserting the same duty owed by The Home Depot—the duty to provide a safe workplace—which belongs solely to the employer.  *See Leitch*, 935 S.W.2d at 118.

17.     The specific allegations of negligence against Hamilton demonstrate that the only duty at issue is that owed by an employer to its employee.  *See* Ex. A-2 ¶ 6.06(a)-(h) (alleging that Hamilton failed to maintain store in a safe condition, failed to inspect the premises, failed to implement safety procedures, etc.).  Nothing in Plaintiff's Original Petition even vaguely suggests Hamilton owed or violated any duty outside of that arising from his employment.  *See Bourne v. Wal-Mart Stores, Inc.,* 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008)(noting that the plaintiff's "petition refutes the notion of any breach of an independent duty of care by stating that, "Plaintiff's injuries and damages ... were committed and/or omitted by Defendant, their representatives, agents, and/or servants in the course and scope of their agency and/or representation.").

18.     In *Leitch*, an employee was allegedly injured while lifting a 65 pound cable in the course of his employment for a cable provider.  *Leitch*, 935 S.W.2d at 116.  That employee then sued his employer and two of the employer's officers.  *Id*.  The Court held that the two individual

corporate officers sued by the plaintiff "had no individual duty as corporate officers to provide [the plaintiff] with a safe workplace." *Leitch*, 935 S.W.2d at 118.  Their actions "whether active or passive, were actions of a corporate officer on behalf of [the employer] and deemed [the employer's] acts." *Id.*

19.     Just as in *Leitch*, Plaintiff's attempt to impose individual liability on Hamilton fails because Hamilton's actions were only those of an employee on the behalf of The Home Depot.  *See Id.*

20.     It is clear that "there is no possibility that [Plaintiff] can recover against [Hamilton] in [his] individual capacity, [and Hamilton] was improperly joined." *Bourne*, 582 F. Supp. 2d at 538. Accordingly, Hamilton's status as a defendant in this action should not be considered in making the determination that complete diversity exists and removal of this action is proper.

### III.
### AMOUNT IN CONTROVERSY

21.     Defendant would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

22.     Plaintiff alleges in his Original Petition that he seeks damages "over $250,000, but not more than $1,000,000."  Ex. "A-2," ¶ 3.01.

23.     Plaintiff seeks damages for past and future medical expenses, past and future physical pain and mental anguish, past and future physical impairment, past and future disfigurement, and past lost wages and future loss of earning capacity.  Ex. "A-2" at ¶ 8.02.

**IV.**
**PROCEDURAL REQUIREMENTS FOR REMOVAL**

24.     Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

25.     The United States District Court for the Northern District of Texas encompasses Dallas County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

26.     There are no other proper defendants to this action.

27.     In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1" through "A-7" are copies of all process and pleadings from the state court proceedings.

28.     Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the County Court at Law No. 5, Dallas County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit "A-7."

29.     The Home Depot specifically reserves the right to amend or supplement this Notice of Removal.

30.     By virtue of this removal, The Home Depot does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

**V.**
**JURY DEMAND**

31.     Plaintiff demanded a jury in the state court action.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT USA, INC. prays the Court remove the case styled "*Melvin Wagner v. Home Depot U.S.A., Inc. d/b/a The Home Depot #6804 and Estevan Hamilton*" bearing Cause No. CC-21-00785-E, pending in the County Court at Law No. 5 for Dallas County, Texas, to the United States District Court, Northern District of Texas, Dallas Division, and for such other and further relief to which it is entitled at law or in equity.

Respectfully Submitted,

_____/s/ Chad L. Farrar_____
By: Chad L. Farrar

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, Texas Bar No. 00793716
C. Brett Stecklein, Texas Bar No. 00794688
Katie P. Harrison, Texas Bar No. 24062767
Flannery Nardone, Texas Bar No. 24083183
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:	(214) 754-0040
Facsimile:	(214) 754-0043
cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com
fnardone@mhba.com

**Attorneys for Defendants Home Depot U.S.A., Inc. and Estevan Hamilton**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a true and correct copy of the foregoing document upon all known counsel of record, as indicated below, in conformity to the FEDERAL RULES OF CIVIL PROCEDURE on this 13th day of April, 2021.

***<u>Via ECF</u>***
***<u>Via Email</u>***
Geoffrey E. Schorr
Jared Aldinger
Hutton Sentell
SCHORR LAW FIRM, PC
328 W. Interstate 30, Suite 2
Garland, Texas 75042

    /s/ Chad L. Farrar
Chad L. Farrar