Case 3:21-cv-00845-N   Document 1-3   Filed 04/13/21   Page 1 of 11   PageID 17

FILED
3/2/2021 4:54 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-00785-E

| | | |
|---|---|---|
| **MELVIN WAGNER,** | § | IN THE COUNTY COURT AT LAW |
| *Plaintiff,* | § | |
| | § | |
| V. | § | NO. ____ |
| | § | |
| **HOME DEPOT U.S.A., INC. D/B/A THE** | § | |
| **HOME DEPOT #6804, and** | § | |
| **ESTEVAN HAMILTON,** | § | |
| *Defendants.* | § | OF DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MELVIN WAGNER, complaining of and about HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #6804 and ESTEVAN HAMILTON (hereinafter sometimes referred to "Defendants") and for cause of action would show unto the Court the following:

**I.
DISCOVERY CONTROL PLAN LEVEL**

1.01. Plaintiff intends that discovery be conducted under Discovery Level 3. Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff respectfully requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date or trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; (iii) deadlines for amending or supplementing pleadings; (iv) deadlines for filing affidavits pursuant to CPRC § 18.001; and (v) deadlines for designating expert witnesses.

**II.
PARTIES AND SERVICE**

2.01. Plaintiff, MELVIN WAGNER (hereinafter sometimes "Plaintiff"), is an individual who at relevant times hereto is a resident and citizen of Dallas, Dallas County,

Texas. The last three digits of his driver's license number are 527, and the last three digits of his social security number are 612.

2.02. Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #6804 is a foreign for-profit corporation. <u>Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #6804</u> may be served with process by serving its registered agent, <u>CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY</u>, at <u>211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701</u>. Service of said Defendant as described above can be effected by personal delivery, or by United States First Class Mail, return receipt requested.

2.03. Defendant ESTEVAN HAMILTON is a resident and citizen of Dallas County, Texas. <u>Defendant ESTEVAN HAMILTON</u> may be served with process by serving him at his residence, <u>913 PARKMONT DRIVE, GARLAND, TX 75041, or wherever he may be found</u>. Service of said Defendant as described above can be effected by personal delivery, or by United States First Class Mail, return receipt requested.

### III.
### JURISDICTION AND VENUE

3.01. As required by Rule 47(c), **TEXAS CIVIL PRACTICE AND REMEDIES CODE**, Plaintiff's counsel states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, and Plaintiff demands judgment for all the other relief to which he is deemed entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate and as allowed by law.

3.02. Plaintiff brings this action against Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #6804 pursuant to Sec. 406.033(a) of the Texas Labor Code.

3.03.   Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

3.04.   Further, jurisdiction and venue in Dallas County is proper in this cause pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because Defendant ESTEVAN HAMILTON, a natural person, is a resident and citizen of Dallas County, Texas.

**IV.
FACTS**

4.01.   Plaintiff, MELVIN WAGNER, was at all times material to this suit an employee of Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #6804 (hereinafter "HOME DEPOT") acting within the course and scope of his employment.

4.02.   On or about Tuesday, March 5, 2019, at or around 12:00 AM, Plaintiff was performing work at or within premises owned, operated, and/or under the control of Defendant HOME DEPOT.  The premises where Plaintiff was working is a home improvement store commonly known as THE HOME DEPOT #6804, located at 6000 Skillman St, Dallas, TX 75231, in Dallas County, Texas ("Subject Premises").

4.03.   Discovery is ongoing, however, Plaintiff contends that on or about March 5, 2019, while working in the freight department at Defendant HOME DEPOT's Subject Premises, performing his duties for Defendant HOME DEPOT in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others, Plaintiff was required by his supervisor to lift 80 pound bulky and heavy shelving, without needed assistance or equipment, which actions caused Plaintiff to severely and permanently injure his body, neck, and shoulder.

4.04.   Further, and at the time of the incident in question, Defendant HOME DEPOT had retained the right to control the details of Plaintiff's work.  As such, HOME DEPOT owed Plaintiff certain duties and obligations and which HOME DEPOT failed to perform. Such acts and omissions constitute negligence and negligence per se on the part of HOME DEPOT and were a proximate cause or causes of the incident in question and of the serious bodily injuries and damages to Plaintiff, for which Plaintiff herein now sues and for which HOME DEPOT is liable.

4.05.   At the time of this incident in question, Defendant ESTEVAN HAMILTON was Plaintiff's manager on duty ("MOD").   As MOD, Defendant HAMILTON owed Plaintiff an independent duty of reasonable care, separate and apart from HOME DEPOT's duty.    Such acts and omissions by Defendant HAMILTON constitute negligence and were a proximate cause or causes of the incident in question and of the serious bodily injuries and damages to Plaintiff, for which Plaintiff herein now sues and for which Defendant HAMILTON is liable.

## V.
## PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR

5.01.   Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1.01-4.05 above as if same were set forth at length herein.

5.02.   At the time of Plaintiff's injuries and immediately prior thereto, based on information and belief, employees of Defendant HOME DEPOT, including Defendant HAMILTON, who were working at the Subject Premises when Plaintiff was injured, were engaged in the furtherance of HOME DEPOT's business.

5.03.   At the time of Plaintiff's injuries and immediately prior thereto, employees of Defendant HOME DEPOT, including Defendant HAMILTON, who were working at the Subject Premises when Plaintiff was injured, engaged in accomplishing tasks for which they were

employed by HOME DEPOT.

5.04. At the time of Plaintiff's injuries and immediately prior thereto, employees of Defendant HOME DEPOT, including Defendant HAMILTON, who were working at the Subject Premises when Plaintiff was injured, engaged in the furtherance of HOME DEPOT's business.

5.05. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant HOME DEPOT.

5.06. Defendant HOME DEPOT by and through its agents, servants, and employees is liable to Plaintiff for his harms and losses.

## VI.
## CLAIMS AGAINST DEFENDANTS FOR NEGLIGENCE

6.01. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1.01-5.06 above as if same were set forth at length herein.

6.02. Based on information and belief, on the date and occasion in question, Defendant HOME DEPOT was negligent and failed to use that degree of care and caution that an ordinarily prudent company and/or employer would have used under the same or similar circumstances. Defendant HOME DEPOT, as Plaintiff's employer, owed a non-delegable duty to provide a safe workplace; to provide rules and regulations for its employees' safety; to provide employee safety training; to furnish safe machinery, equipment, and instrumentalities for the performance of Plaintiff's job; to give adequate warnings with respect to hazards in the performance of Plaintiff's job; to provide help in the performance of its employees' work; to provide supervision of its employees' activities; and it is also obligated to establish and enforce safety rules so that its employees may perform duties in safety.

6.03. Despite these non-delegable duties, Plaintiff contends that Defendant HOME

DEPOT breached these particular duties in all these respects, thereby directly and proximately causing the subject incident and Plaintiff's injuries and damages. Defendant HOME DEPOT is liable to Plaintiff for negligence in failing to provide a safe workplace; failing to provide rules and regulations for its employees' safety; failing to provide employee safety training; failing to furnish safe machinery, equipment, and instrumentalities for the performance of Plaintiff's job; failing to give adequate warnings with respect to hazards in the performance of Plaintiff's job; failing to provide help in the performance of its employees' work; failing to provide supervision of its employees' activities; and failing to establish and enforce safety rules so that its employees may perform their duties in safety. Defendant HOME DEPOT's acts and omissions proximately and directly caused Plaintiff's injuries and damages.

6.04. In addition to the above, Defendant HOME DEPOT, by and through its employees, servants, and/or agents, including Defendant HAMILTON, acting within the course and scope of their employment breached certain non-delegable duties in regard to the safety of its employee, Plaintiff MELVIN WAGNER. An employer has a non-delegable duty to provide rules and regulations for the safety of its employees, furnish safe machinery, equipment, and instrumentalities, provide a safe workplace, and select competent fellow servants. *Woodlawn Manufacturing, Inc. v. Robinson,* 937 S.W. 2d 544, 548 (Tex.App.-Texarkana 1996, writ denied) *citing Burke Royalty Company v. Walls,* 616 S.W. 2d 911 (Tex. 1981). Furthermore, if an employer is a non-subscriber to Texas Worker's Compensation, they may not assert traditional common-law defenses available to defendants in a negligence cause of action including: (1) contributory or comparative negligence; (2) assumption of risk; and (3) negligence of a fellow employee. Tex. Lab. Code Ann. § 406.033(a), (b);

*Lawrence v. CDB Services, Inc.*, 44 S.W.3d 544, 551-52 (Tex. 2001); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349-52 (Tex. 2000). Accordingly, a non-subscriber employer bears a substantial risk because assignment of *any negligence* to the employer results in 100% liability. *See Kroger*, 23 S.W.3d at 351. Plaintiff would show that Defendant HOME DEPOT was a non-subscriber to the Texas Worker's Compensation Act at the time of the incident made the basis of this lawsuit. Defendant HOME DEPOT breached one or more of the non-delegable duties herein described.

6.05. The injuries suffered by Plaintiff were negligently caused by Defendant HOME DEPOT, by and through its agents and/or employees, in one or more of the following particulars either singularly or in combination:

a) In failing to provide a safe place to work;

b) In failing to warn of a dangerous condition(s);

c) In failing to provide proper training, equipment, and/or supervision for the safety of its employees;

d) In failing to implement proper procedures for the safety of its employees to be employed during the operation in progress;

e) In failing to ensure adequate staffing for the safe performance of employee duties;

f) In failing to properly maintain the work premises and equipment for safe operation of employee duties; and

g) In failing to ensure proper procedures were complied with for the safety of its employees.

6.06. On the date of the occurrence in question and immediately prior thereto, Defendant HAMILTON, as the Plaintiff's MOD, had a separate and independent duty of reasonable care for assuring Plaintiff's safety and welfare, and was negligent, in the following respects, among others:

a) In failing to keep and maintain the store in a reasonably safe condition;

b) In failing to properly monitor and/or inspect the premises, to ensure its reasonably safe condition;

c) In failing to safely and securely store and display the bulky and/or heavy merchandise in question;

d) In failing to utilize and make accessible safety devices for safely lifting and moving bulky and/or heavy merchandise;

e) In failing to conduct a proper safety meeting and/or warn Plaintiff of the hazardous and dangerous condition related to lifting and moving bulky and/or heavy merchandise;

f) In failing to develop, implement and enforce adequate safety policies and procedures with regards to the stocking, display, inspection and movement of bulky and/or heavy merchandise;

g) In failing to adequately screen, train, and supervise employees with regard to safety standards related to lifting and moving bulky and/or heavy merchandise; and

h) In failing to insure employee compliance with industry and company safety standards related to lifting and moving bulky and/or heavy merchandise.

## VII.
## PROXIMATE CAUSE

7.01.   Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1.101-6.06 above as if same were set forth at length herein.

7.02.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES FOR PLAINTIFF

8.01.   Plaintiff realleges and incorporates the facts and allegations that are set forth in

paragraph nos. 1.01-7.02 above as if same were set forth at length herein.

8.02.   As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, separately and/or collectively, Plaintiff suffered serious injuries and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the court:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Mental anguish in the past;

   E. Physical impairment in the past;

   F. Disfigurement in the past;

   G. Physical pain and suffering in the future;

   H. Mental anguish in the future;

   I. Physical impairment which, in all reasonable probability, will be suffered in the future;

   J. Disfigurement in the future;

   K. Lost wages in the past; and

   L. Loss wages and/or loss of earning capacity which, in all reasonable probability, will be suffered in the future.

8.03.   Plaintiff reserves the right to add to the list of damages that is set forth above upon further investigation.

8.04.   By reason of the above Plaintiff has suffered losses and damages in a sum

within the jurisdictional limits of the Court, and for which this lawsuit is brought.

## IX.
## MISNOMER, ALTER-EGO and ASSUMED NAME

9.01. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1.1-8.04 above as if same were set forth at length herein.

9.02. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties' names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate defendant herein.

## X.
## DEFENDANT IS A NON-SUBSCRIBER

10.01. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1.1-9.02 above as if same were set forth at length herein.

10.02. Plaintiff would show that HOME DEPOT is a non-nonsubscriber to Texas Workman's Compensation, and that Defendant HOME DEPOT has, therefore, waived all of its common law defenses otherwise available in a negligence cause of action including: (1) contributory or comparative negligence; (2) assumption of risk; and (3) negligence of a fellow employee. Tex. Lab. Code Ann. § 406.033(a).

## XI.
## Discovery

11.01. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose, each separately, within thirty (30) days after the filing of the first answer, the information and material described in Rules 194.2(b), 194.3, and 194.4 of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MELVIN WAGNER, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court, exclusive of interest and costs; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _/s/ Geoffrey E. Schorr_
Geoffrey E. Schorr
Texas Bar No. 24029828
geoff@schorrfirm.com
A. Jared Aldinger
Texas Bar No. 24068456
jared@schorrfirm.com
Hutton W. Sentell
Texas Bar No. 24026655
hutton@schorrfirm.com

**SCHORR LAW FIRM, P.C.**
328 W. Interstate 30, Suite 2
Garland, TX    75043
Tel. (972) 226-8860
Fax. (972) 226-9787

**ATTORNEYS FOR PLAINTIFF**